IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| CINDY ALLEN, | ] |
| Plaintiff, | ] |
| vs. | ] Case No: |
| COMMUNITY HEALTH SYSTEMS PROFESSIONAL SERVICES CORPORATION, LLC. | ] JURY DEMAND |
| Defendant. | ] |

## COMPLAINT

Comes now the Plaintiff, Cindy Allen, by and through counsel and for cause of action will respectfully show to the Court as follows:

### JURISDICTION & VENUE

1. This action involves the application of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*; and the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101, *et. seq*. This Court has jurisdiction of this action pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

2. The claims asserted in this action arose in Williamson County, Franklin, Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391.

### ADMINISTRATIVE PREREQUISITE

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right to Sue was issued on August 19, 2020 and was received by Plaintiff on August 24, 2020. A true and correct copy of which is attached hereto as Exhibit A.

## PARTIES

4. Plaintiff Cindy Allen ("Plaintiff" or "Ms. Allen"), is an adult female individual and citizen of the United States who resides in Wilson County, Mt. Juliet, Tennessee.

5. At all relevant times, Ms. Allen was an employee of Community Health Systems Professional Services Corporation, LLC. ("Defendant" or "CHSPSC"), within the meaning of the FMLA and ADAAA.

6. Defendant is a foreign for-profit corporation or similar business entity and regularly conducts business at 4000 Meridian Blvd., Franklin, Tennessee.

7. At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to 29 U.S.C. § 2611(4)(A) of the Family and Medical Leave Act (FMLA).

## FACTUAL ALLEGATIONS

8. Defendant is one of the nation's leading operators of general acute care hospitals and is headquartered in Franklin, Tennessee.

9. Ms. Allen was employed by Defendant from August 2014 until May 10, 2019.

10. She was employed as an Application Systems Analyst within Defendant's Information Systems Deployment Department.

11. Throughout her employment she performed her duties without issue and received positive performance evaluations.

12. During her employment, Ms. Allen began suffering from impairments in her shoulder and neck which substantially limited the major life activities of lifting, sitting, reaching, sleeping, performing manual tasks, and working.

13. Ms. Allen attempted to mitigate her impairments by utilizing medications and physical therapy.

14. Ultimately, her doctors determined she would require surgery on both her shoulder and her neck.

15. Specifically, Ms. Allen required shoulder reconstruction surgery to repair three torn tendons and a spinal fusion of her C3 and C4 vertebrae.

16. Ms. Allen initially applied for FMLA leave on April 23, 2019 for her shoulder surgery which was tentatively scheduled for June 2019.

17. Defendant's third-party FMLA provider, FMLA Source, notified Ms. Allen of receipt of her FMLA request on April 24, 2019.

18. The notification from FMLA Source requested Ms. Allen provide her certification for leave on or before May 10, 2019.

19. Subsequently, Ms. Allen's physicians determined the spinal fusion would need to be performed prior to her shoulder reconstruction surgery.

20. As a result, Ms. Allen submitted a second FMLA request on May 1, 2019 for her spinal fusion which was tentatively scheduled for late May 2019.

21. On May 1, 2019, FMLA Source confirmed receipt of Ms. Allen's second FMLA leave form which requested she provide her certification of leave on or before May 17, 2019.

22. On May 8, 2019 Ms. Allen was called into a meeting with Human Resources and questioned about alleged discrepancies in her exception reports.

23. The exception report is a document employees are required to fill out if there are any exceptions to their daily work hours.

24. Despite being an exempt salaried employee, Ms. Allen was also required to complete exception reports regarding her hours worked.

25. Many of the dates in question were in October and November, 2018, thus Ms. Allen could not recall specific dates and times that far back.

26. Ms. Allen requested access to her email and her files so she could provide an accurate response for the dates in question.

27. Ms. Allen was denied access to her email and files, leaving her unable to provide specific responses to the specific dates in question.

28. Ms. Allen explained that some days she worked from home, some days she worked at another branch, and some days she did not have her badge so she signed in at the security desk.

29. Additionally, Ms. Allen pointed out that she is required to submit the exception report to her supervisor one to two weeks before the end of the month which means any exceptions after she submits the report will not be included on the report.

30. Supervisors are required to review and approve each employee's exception report then forward the exception report to payroll.

31. Each of the exception reports Ms. Allen was questioned about had been reviewed, approved and signed by Ms. Allen's supervisor, Melissa Rodriguez.

32. At the conclusion of the meeting, Ms. Allen was placed on administrative leave.

33. On May 10, 2019, Ms. Allen was terminated for alleged "falsification of documentation."

34. Defendant's stated reason for Ms. Allen's termination is pretext.

35. Ms. Allen was conveniently terminated the day her initial FMLA certification was due and just prior to her second FMLA certification.

36. Ms. Allen subsequently learned every member of her team, including her supervisor Melissa Rodriguez, were later questioned about their exception reports.

37. The rest of Ms. Allen's team only received written warnings for the same violation.

38. No other members on her team were terminated.

39. Ms. Allen was terminated based on her disability and in retaliation for requesting leave under the FMLA.

## COUNT I – VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT
### (Interference and Retaliation)

40. Plaintiff re-alleges the foregoing paragraphs as though fully set forth herein.

41. Plaintiff alleges Defendant qualifies as an "employer" as defined in the FMLA, 29 U.S.C. § 2611(4) and employed over fifty (50) or more employees within a seventy-five (75) mile radius from the location in which the Plaintiff worked.

42. Plaintiff alleges she was an "eligible employee" as defined in the FMLA, 29 U.S.C. § 2611(2), as she had been employed continuously by Defendant for over a twelve-month period and worked at least 1,250 hours of service in the prior twelve month period.

43. Plaintiff alleges there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1).

44. Plaintiff alleges Defendant interfered with Plaintiff's attempt to exercise her right of entitlement to leave under the FMLA, pursuant to 29 U.S.C. § 2615(a).

45. Plaintiff alleges Defendant is responsible and liable under the FMLA, 29 U.S.C. § 2617(a).

46. Defendant, in terminating Plaintiff's employment for requesting FMLA, willfully violated the anti-interference provisions of the FMLA, 29 U.S.C. § 2615.

47. Plaintiff alleges Defendant retaliated against Plaintiff by terminating her employment after she exercised her right of entitlement to leave under the FMLA, pursuant to 29 U.S.C. § 2615(a).

48. Defendant, in terminating Plaintiff's employment for exercising her right of entitlement to leave under the FMLA, willfully violated the retaliation provisions of the FMLA, 29 U.S.C. § 2615.

49. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

### COUNT II- VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT
### (Disability Discrimination, Failure to Engage in The Interactive Process, Failure to Accommodate, & Retaliation)

50. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

51. Plaintiff was a qualified individual with a disability and/or was perceived as an individual with a disability.

52. Plaintiff was disabled in that she had physical impairments which substantially limited one or more life activity and/or major bodily functions.

53. Defendant regarded Plaintiff as disabled by perceiving her as having an impairment, whether or not the impairment limits or is perceived to limit a major life activity.

54. Defendant discriminated against Plaintiff on the basis of her disability and/or perceived disability in violation of the ADAAA, 42 U.S.C. § 12112, *et seq*.

55. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

56. Defendant was aware of Plaintiff's disabilities.

57. Plaintiff made requests for reasonable accommodations that would not cause undue hardship to Defendant.

58. Defendant failed to engage in the interactive process.

59. Defendant failed to provide Plaintiff with a reasonable accommodation.

60. Defendant took adverse employment actions against Plaintiff because of her disabilities and/or perceived disabilities.

61. Defendant took adverse employment actions against Plaintiff in retaliation for her requests for reasonable accommodations.

62. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

63. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendant, for:

(1) all amounts of wages Plaintiff should have received under federal law but for Defendant's willful violation of her rights, plus an equal amount in liquidated damages pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2617(a)(1)(A);

(2) a judgment against the Defendant for damages, both compensatory and punitive, in an amount to be determined at trial;

(3) all reasonable attorney's fees, costs and interest pursuant to state and federal law;

(4) any such other legal or equitable relief as may be appropriate or to which she may be entitled under federal or state law.

Respectfully Submitted,

**THE EMPLOYMENT & CONSUMER LAW GROUP**

**/s/ G. BRANDON HALL**
**JONATHAN A. STREET, BPR No. 021712**
**G. BRANDON HALL, BPR No. 034027**
1720 West End Ave., Suite 402
Nashville, TN 37203
street@eclaw.com
bhall@eclaw.com
(615) 850-0632

*Attorneys for Plaintiff*